UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** William Leroy Bowers, et al. v. Guilford George Biggerstaff, et al.

**Case Number:** 04-01106

## Document Information

**Description:** Order Granting [5-1] Motion To Dismiss Adversary Proceeding for Failure to State a Claim by Guilford George Biggerstaff, Barbara Jean Biggerstaff .

**Received on:** 2004-09-22 14:58:10.000

**Date Filed:** 2004-09-22 00:00:00.000

**Date Entered On Docket:** 2004-09-22 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: WILLIAM LEROY BOWERS and
PATRICIA JEAN BOWERS,

No. 7-04-12007 MA

Debtors.

---

WILLIAM LEROY BOWERS and
PATRICIA JEAN BOWERS,

Plaintiffs,

v.

Adversary No. 04-1106 M

GUILFORD GEORGE BIGGERSTAFF and
BARBARA JEAN BIGGERSTAFF,

Defendants.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss for Failure to State a Claim ("Motion") filed by Defendants Guilford George Biggerstaff and Barbara Jean Biggerstaff, by and through their attorney of record, Gary B. Ottinger. Plaintiffs' cause of action is based on the turnover provision of 11 U.S.C. § 542(a). The Court heard oral argument on the Motion, after which the Court took the matter under advisement. Because Plaintiffs' allegations do not fit within the parameters for a turnover action under 11 U.S.C. § 542(a), the Court will grant the Motion and dismiss this adversary proceeding.

DISCUSSION

Plaintiffs' Complaint alleges the following: 1) that the Defendants, as sellers, entered into a real estate contract with Plaintiffs, as purchasers, for approximately twenty acres of land in Catron County,

New Mexico; 2) that prior to the filing of the Plaintiffs' bankruptcy petition, Defendants wrongfully terminated the real estate contract and sold ten of the twenty acres covered by the real estate contract; 3) that the Plaintiffs continue to occupy the remaining ten acres; 4) that the Plaintiffs have claimed an exemption in their property interest under 11 U.S.C. § 522(d)(1); and 5) that the property is not of inconsequential value. Based on the foregoing, Plaintiffs request turnover pursuant to 11 U.S.C. § 542(a), asserting that the Defendants should be ordered to provide a deed to the trustee for the ten acres now occupied by the Plaintiffs.

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. In considering a motion to dismiss, the Court must accept all well pleaded facts as if they were true, and view those facts "' in the light most favorable to the non-moving party.'" *County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1034 (10th Cir.2002) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, (1957).

Turnover actions are governed by 11 U.S.C. § 542(a). That section provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a).

2

Sections 363 and 522, in turn, concern "property of the estate" which is defined in 11 U.S.C. § 541. 11 U.S.C. § 363(b)(1) ("The trustee, . . . may use, sell or lease . . . property of the estate."); 11 U.S.C. § 522(b) ("an individual debtor may exempt from property of the estate . . ."). Thus a prerequisite for an action for turnover is a showing that the property Plaintiffs seek to recover is property of the estate. *See In re Lauria,* 243 B.R. 705, 708 (Bankr.N.D.Ill. 2000) (burden is usually on the debtor or trustee seeking turnover to show that the asset is part of the bankruptcy estate) (citation omitted); *Motel Investment Group, Inc. v. Wu (In re Motel Investment Group, Inc.),* 164 B.R. 283, 292 (Bankr.N.D.Ill. 1994) (before court can grant a request for turnover, debtor must show an interest in the property it seeks). "Property of the estate" has a very broad meaning, and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. In *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the Supreme Court held that personal property of the debtor seized by the Internal Revenue Service pre-petition is nevertheless subject to the turnover provisions of 11 U.S.C. § 542(a). *Whiting Pools* reasoned that property of the estate "is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." *Id.* at 205. However, in dicta, the Supreme Court acknowledged that if ownership of the seized property was transferred pre-petition, 11 U.S.C. § 542(a) may not apply. *Id.* at 209. Thus, "[w]hile a determination of whether the debtor's interest is property of the estate is a matter of federal law, the nature and existence of a debtor's interest in property is determined in accordance with state law." *In re Robinson,* 285 B.R. 732, 735 (Bankr.W.D.Okla. 2002) (citing *In re Thomas*, 883 F.2d 991, 995 (11th Cir.1989)).

Under New Mexico law, a seller under a real estate contract retains legal title to the real

property until the purchaser makes all the payments due thereunder. *See Southwest Land Inv., Inc. v. Hubbart,* 116 N.M. 742, 744, 867 P.2d 412, 414 (1993) (vendor under a real estate contract holds "a legal interest in the title to the land, a reversionary interest in the property, and an equitable personalty interest in the contract secured against third parties by a lien on the real estate.") (citations omitted); *In re Anthony,* 114 N.M. 95, 98, 835 P.2d 811, 814 (1992) ("A vendor under an executory contract for the sale of realty holds bare legal title to the real estate until full payment of the purchase price.") (citing *Marks v. City of Tucumcari,* 93 N.M. 4, 5, 595 P.2d 1199, 1200 (1979)). The purchaser holds an equitable interest in the real property during the term of the real estate contract until all payments due under the real estate contract are made. *Bank of Santa Fe v. Garcia,* 102 N.M. 588, 590, 698 P.2d 458 (Ct.App. 1985), *cert. den.,* 102 N.M. 613, 698 P.2d 886 (1985) ("Under a real estate contract, the purchaser holds equitable title, while the seller retains legal title in trust until the contract is paid."); *In re Beery,* 295 B.R. 385, 395 (Bankr.D.N.M. 2003) (vendee under a real estate contract holds equitable interest in real property). Then, once all payments due under the real estate contract are made, upon the recording of the deed from the sellers to the purchasers, the legal and equitable interests in the real property merge, giving the purchaser both legal and equitable title. In the event of a purchaser's default, a real estate contract allows the seller to terminate the contract by declaring a default and recording a deed from the purchaser back to the seller, effectively cutting off the purchaser's equitable interest. *See Welty v. Western Bank of Las Cruces,* 106 N.M. 126, 127, 740 P.2d 120, 121 (1987) (real estate contract terminated at time deed is recorded); *Beery*, 295 B.R. at 395 (noting that vested equitable interest of vendee "cannot be divested . . . unless the Seller under such contract moves to terminate it."). Again the property interests merge, this time in the seller who

4

now holds both legal and equitable interest in the property. In this case, pre-petition, Defendants, as sellers under the real estate contract, purportedly terminated the real estate contract. As of the date of the petition, Plaintiffs remained in possession of the property, but they held neither equitable nor legal title to the property. Thus, no real property interest became property of the Plaintiffs' bankruptcy estate. Because the real property does not constitute property of the estate, Plaintiffs' cannot maintain turnover action to recover the real property under 11 U.S.C. § 542(a). *See In re Williams,* 91 B.R. 609, 611 (Bankr.M.D.Fla. 1988) (noting "that § 542 of the Bankruptcy Code was never designed to apply to the Trustee's attempt to obtain title to real property. Instead, § 542 was designed to allow the Trustee to obtain possession of tangible personal property belonging to the Debtor, but that is in the possession of another.").

Plaintiffs' allege in their Complaint that the termination of the real estate contract was "wrongful." That potential cause of action is an asset of the Plaintiffs' bankruptcy estate, but a cause of action is not subject to turnover under 11 U.S.C. § 542(a). 11 U.S.C. § 541; *Whiting Pools,* 462 U.S. at 205 n.9 ("'The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including . . . causes of action . . .'") (quoting H.R.Rep. No. 95-595, p. 367 (1977); S.Rep. No. 95-989, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5868, 6323). Whether the real estate was wrongfully terminated can best be litigated in state court, especially under circumstances present here, where Plaintiffs have already received a discharge in this no-asset Chapter 7 proceeding. *Cf. Lauria,* 243 B.R. at 708 (noting that "turnover is not intended as a remedy to determine the disputed rights of parties to property; rather it is intended as the remedy to obtain what is acknowledged to be property of the estate.") (citations omitted).

5

For the foregoing reasons, IT IS HEREBY ORDERED, that the Motion to Dismiss is

GRANTED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

R. "Trey" Arvizu III
Attorney for Plaintiffs
PO Box 1479
Las Cruces, NM 88004

Gary B. Ottinger
Attorney for Defendants
PO Box 1782
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

6